HEATHER REED,[1] Petitioner Below-Appellant,
v.
HOLDEN SNYDER, Respondent Below-Appellee.
No. 23, 2009.
Supreme Court of Delaware.
Submitted: April 13, 2009.
Decided: May 20, 2009.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 20th day of May 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Heather Reed ("Mother"), filed this appeal from an order of the Family Court, dated December 23, 2008, which denied Mother's petition for modification of custody and granted the motion filed by appellee, Holden Snyder ("Father"), to relocate from Delaware to California with the parties' two minor children. Father has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mother's opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that, pursuant to an order dated December 7, 2006, the Family Court granted the parties joint custody of their two children but ordered that primary residential placement be with Father. In that custody order, the Family Court noted that Mother had been convicted of domestic violence against Father and that she had been unable to overcome the rebuttable presumption against allowing primary residential placement of children in the home of a perpetrator of domestic violence.[2]
(3) On May 8, 2008, less than two years from the date of the original custody order, Mother filed a petition to modify custody. In her petition, she alleged that Father had left the children in her care since December 29, 2007 and that the children had been residing with her exclusively since that time. Mother also filed an affidavit requesting priority scheduling or an ex parte order, alleging that return of the children to Father would be emotionally disruptive and would place the children in "an emotionally and physically abusive environment." The Family Court denied priority scheduling because Mother had not filed a proper motion and because her affidavit failed to establish the prospect of immediate harm.
(4) In his answer to Mother's motion for modification of custody, Father denied leaving the children in Mother's care since December 2007. He stated that he had allowed the children to stay with Mother for a few days following his son's birthday and that he let the children spend extra time with Mother as part of an agreement between the parties. He denied any emotional or physical abuse and contended that he provided a safe and loving environment for the children.
(5) On August 6, 2008, Father filed a motion to relocate. The Family Court held a hearing on both motions on November 26, 2008. At the hearing, Mother testified to an incident in which she alleged that Father beat the parties' daughter, causing Mother to flee to a neighbor's house and call police. Mother, however, presented no police report to substantiate her allegations. Moreover, when she called her neighbor to testify about the incident, the neighbor stated that Mother never called police and that the police never responded to her house. Moreover, the neighbor denied witnessing Father trying to break in her door, as Mother testified. Mother presented no other allegations of abusive conduct by Father.
(6) Father denied Mother's allegations that he had abandoned his children or abused them in any way. Furthermore, Father offered evidence that he had secured a job in California making significantly more money than he was making in Delaware. He also testified that he had several family members in California who would be involved in helping Father to care for the children. Father also provided the trial court with a copy of the lease for his apartment in California to show that he had secured stable housing, which was contrary to Mother's contention.
(7) In ruling on the parties' respective motions, the Family Court applied the "best interests of the child" factors found in 13 Del. C. § 722(a). The trial judge also considered that Father's move to California would dramatically increase his ability to financially support his family. Ultimately, the Family Court did not find Mother's testimony about alleged abuse or abandonment by Father to be credible and determined that it would be in the children's best interests to remain in Father's primary residential custody and to allow Father to relocate to California. In so ruling, the Family Court delayed the children's move to California until after the completion of their first semester break. The Court also awarded Mother visitation with the children during every spring and winter break from school and for five weeks in the summer, with the children's travel expenses to be paid for by Father.
(8) Appellate review of an appeal from a custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the Family Court after considering the weight and credibility of the testimony.[3] To the extent the Family Court's decision implicates rulings of law, our review is de novo.[4] Findings of fact will not be disturbed unless they are found to be clearly erroneous and justice requires that they be overturned.[5] The judgment below will be affirmed "when the inferences and deductions upon which [the decision] is based are supported by the record and are the product of an orderly and logical deductive process."[6]
(9) In the letter-brief she filed on appeal, Mother does not raise any legal challenge to the Family Court's decision. Instead, Mother's brief suggests that the Family Court erred in denying her petition for custody because Father is abusive. In support of this allegation, Mother points to the same incident of alleged abuse that the Family Court did not find to be supported by any credible evidence presented by Mother at the hearing on her motion.
(10) After careful consideration of the parties' respective positions on appeal and after a thorough review of the record, the Court has determined that this appeal should be affirmed on the basis of the Family Court's well-reasoned decision dated December 23, 2008. It is clear that the trial judge considered the evidence under the appropriate legal standards and applied an orderly and logical reasoning process to arrive at findings and conclusions that are amply supported by the record. Accordingly, there is no basis upon which to disturb the Family Court's judgment.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] 13 Del. C. § 705A(b), which provides that "Notwithstanding other provisions of this title, there shall be a rebuttable presumption that no child shall primarily reside with a perpetrator of domestic violence."
[3] Devon v. Mundy, 906 A.2d 750, 752 (Del. 2006).
[4] Id. (citing In re Heller, 669 A.2d 25, 29 (Del. 1995)).
[5] Id. (citing Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983)).
[6] Id. at 752-53.